09-2519-ag
Li v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE
32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A
PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH
THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A
COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of July, two thousand ten.

PRESENT: DENNIS JACOBS,
              Chief Judge,
         RICHARD C. WESLEY,
         DENNY CHIN,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - -

ZU JIE LI, also known as ZU HUE LI,

                              Petitioner,

         v.                                   09-2519-ag

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - -

    FOR PETITIONER:          Zu Jie Li, pro se,
                             Brooklyn, N.Y.

    FOR RESPONDENT:          Tony West, Assistant Attorney

General, Greg D. Mack, Senior Litigation Counsel, Micheline Hershey, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zu Jie Li, a native and citizen of the People's Republic of China, seeks review of a May 15, 2009, decision by the BIA denying his motion to reopen his removal proceedings. In re Zu Jie Li, No. A079 083 729 (B.I.A. May 15, 2009).

Li first entered the United States in November 2000 and subsequently was charged as removable by service of a Notice to Appear. On August 7, 2001, Li filed an application requesting asylum, withholding of removal, and relief under the Convention Against Torture. The immigration judge ("IJ") held a merits hearing on November 25, 2002. Li testified that in March 2000, he and his girlfriend were arrested for attempting to marry without a marriage certificate and that his girlfriend was

forced to have an abortion once the authorities discovered she was pregnant. Li claimed that, were he removed to China, he would be persecuted for opposition to the family planning policies.

The IJ denied the requested relief, finding that Li was not eligible for relief under 8 U.S.C. § 1101(a)(42) because he was not married to his girlfriend when she was forced to have an abortion. The IJ further found Li not credible. The BIA affirmed the IJ's decision in January 2004. In re Zu Hie Li, No. A79 083 729 (B.I.A. Jan. 30, 2004). The BIA held that, even if Li were credible, he was not eligible for relief because he and his girlfriend were not married at the time of the abortion, when he departed from China, upon his arrival in the United States, or when he filed his persecution claim. Id. (declining to extend its holding in In re C-Y-Z-, 21 I. & N. Dec. 915 (B.I.A. 1997), permitting spouses of aliens forced to undergo involuntary sterilization or abortion to establish persecution on account of political opinion, to the instant case).

Li did not seek review of the BIA's decision, nor did he comply with the order of removal. Instead, he waited more than four years, until November 14, 2008, to file a motion to reopen the BIA's January 2004 decision and request a stay of his

- 3 -

removal. Li pointed to the following "new circumstances" in support of his motion: (1) his former girlfriend had come to the United States and received asylum based on a forced abortion, (2) the two married in April 2004 and had a son, and (3) he had converted to Christianity. Li argued that his wife's receipt of asylum validated the merits of his own case. Moreover, Li argued that he had a well-founded fear of persecution based on the birth of his U.S.-born child, his application for asylum, and his conversion to Christianity in light of a crackdown on underground churches in anticipation of the 2008 Beijing Olympic Games.

The BIA dismissed Li's motion as untimely and denied his request for a stay of removal. In re Zu Jie Li, No. A079 083 729 (B.I.A. May 15, 2009). The BIA noted that Li offered no evidence to support his contentions that his wife was granted asylum, that he would face persecution based on his application for asylum, or that he would face persecution for his practice of Christianity in the United States. Id.[1]

---

[1] The BIA also ruled that, to the extent Li sought to file a second or successive asylum application under 8 U.S.C. § 1158(a)(2)(D), his request was denied. In his submission to this Court, Li clarifies that he never intended to argue that 8 U.S.C. § 1158(a)(2)(D) provided him an independent basis for relief. Pet'r's Br. at 10.

We review the BIA's denial of a motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored.'" Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (quoting INS v. Doherty, 502 U.S. 314, 322-23 (1992)). This Court will find "such abuse only if the BIA's decision-making was arbitrary or capricious, as evidenced by a decision that provides no rational explanation for the agency's conclusion, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir. 2008) (internal citations and quotation marks omitted). Where the BIA considers the relevant evidence of country conditions, we review the BIA's fact-finding under the substantial evidence standard. Id. We will uphold an agency finding of fact unless we conclude that "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Shu Wen Sun v. Bd. of Immigration Appeals, 510 F.3d 377, 379 (2d Cir. 2007) (per curiam) (quoting 8 U.S.C. § 1252(b)(4)(B)).

A motion to reopen must be filed within 90 days of the relevant final administrative decision. 8 C.F.R. § 1003.2(c). This time limitation may be excused if the applicant can establish changed country conditions arising in the country of

nationality based on evidence that is material and could not have been discovered or presented at the previous proceeding. Id. To prevail on such a motion, the applicant "must also establish prima facie eligibility for asylum, i.e., a realistic chance that he will be able to establish eligibility." Poradisova v. Gonzales, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks omitted).

The BIA did not abuse its discretion in denying Li's untimely motion to reopen. First, Li's motion was filed more than four years after the BIA's 2004 Order, well beyond the 90-day time limitation on motions to reopen. Second, Li presented evidence of his marriage, the birth of his child, and other developments since he was ordered removed; however, such changes in personal circumstances are insufficient to compel reopening. Wei Guang Wang v. Bd. of Immigration Appeals, 437 F.3d 270, 274 (2d Cir. 2006) ("The law is clear that a petitioner must show changed country conditions in order to exceed the 90-day filing requirement for seeking to reopen removal proceedings. A self-induced change in personal circumstances cannot suffice." (internal citation omitted)); see also Yuen Jin v. Mukasey, 538 F.3d 143, 151 (2d Cir. 2008). Third, even if a change in country conditions were demonstrated, Li did not overcome the

adverse credibility determination against him on this point. See Kaur v. Bd. of Immigration Appeals, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam) (holding that BIA did not abuse discretion in denying motion to reopen where movant did not overcome prior adverse credibility determination); see also In re S-Y-G-, 24 I. & N. Dec. 247, 252 (B.I.A. 2007) (noting that BIA is "not inclined to favorably exercise discretion in the case of an alien . . . who was previously found to have offered incredible testimony to gain immigration benefits").

Further, the BIA did not abuse its discretion in denying the motion to reopen despite Li's claimed conversion to Christianity and the purported crackdown on underground churches in relation to the 2008 Beijing Olympic Games. Li provided no evidence indicating that Chinese authorities were "either aware of his activities or likely to become aware of his activities." Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam). Moreover, Li failed to present sufficient evidence that the alleged crackdown would continue after the close of the Olympic Games -- which had in fact closed by the time Li filed his motion to reopen.

Finally, to the extent Li argues that the BIA did not consider the evidence before it, this argument is rejected. The record does not compellingly suggest that the BIA failed to consider any material evidence. See Xiao Ji Chen v. U.S. Dep't

of Justice, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (holding that agency is not required to "expressly parse or refute on the record each and every one of a petitioner's purported explanations for testimonial inconsistencies or evidentiary gaps," and is entitled to presumption that it has taken all evidence into account "unless the record compellingly suggests otherwise"). To the contrary, the BIA expressly listed and weighed the evidence presented by Li.

We have considered all of Li's contentions raised in his petition and found them to be without merit. Accordingly, the petition for review is DENIED. As we have completed our review, any stay of removal previously granted by this Court in this petition is VACATED and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, Clerk of Court